No. 12,949.

## BARNES v. SHOEMAKER.

SALE.—*Merchandise.*—*Order Given to One and Filled by Another.*—Where goods ordered of one person are supplied by another, the appropriation thereof by the purchaser, after notice that they are so supplied, makes him liable, as he thereby ratifies the transaction, and the ratification relates back and gives the order the same effect as if it had been originally given to the person filling it.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellant.

*J. W. Buskirk* and *H. C. Duncan*, for appellee.

MITCHELL, C. J.—Barnes sued Shoemaker to recover a balance alleged to be due on an account for goods sold and delivered.

It appears from the evidence that Shoemaker had formerly been a retail book and stationery dealer in Bloomington, Indiana, and that he had been accustomed to deal with C. O. Perry, a jobber of books in Chicago, Illinois. Prior to the 23d day of September, 1882, Perry and Shoemaker had a transaction which resulted in the former becoming debtor to the latter in the sum of $50.76 for books which Shoemaker sold to Perry. Other books were turned over by Shoemaker to Perry, which the latter agreed to sell on commission. It was estimated that the books turned over to be sold on commission were worth $61.50, and Perry receipted to Shoemaker for the whole, amounting to $102.26, which sum was to be accounted for in books to be furnished by Perry upon the order of Shoemaker. On September 23d, 1882, the defendant, Shoemaker, sent a written order to Perry requesting him to send him by express a list of school books. The latter, having in the meantime gone out of the school book trade, took the order to the plaintiff, Barnes, and requested him to fill it, at the usual discount to the trade, and to

charge $50.76 of the amount to Perry's account. Barnes sent the books thus ordered to Shoemaker by express, explaining in a letter how the order came to be filled by him, and inclosing with the letter an invoice or statement substantially as follows:

"CHICAGO, Sept. 23d, 1882.

"*Mr. J. W. Shoemaker, Bloomington, Ind.:*

"Bought of C. M. Barnes, wholesale dealer in school and miscellaneous books, stationery, etc., 151 and 153 Wabash avenue.

"Terms, 30 days less 2 per cent.
　　10　"　"　3　"　"

"Payable in Chicago with exchange.

"All claims for allowances should be made within ten days from receipt of goods."

Following the above was an itemized account aggregating $116.72, from which was deducted $50.76 charged to Perry, leaving a balance of $65.96 due Barnes as shown upon the invoice.

The defendant received and accepted the books, and also received the letter and statement, but says he paid no attention to them, supposing the statement and books to have been forwarded by Perry. Subsequently the appellant sent duplicate statements of his account to the defendant, who refused payment on the ground that the order had been sent to Perry, and that the latter was indebted to him on account of previous transactions in a sum amounting to $102.26 instead of $50.76, the amount credited on the plaintiff's invoice.

There was a verdict and judgment for the defendant.

An attentive examination of the evidence fails to disclose any theory upon which the judgment can be sustained. It may be conceded that if the appellant, Barnes, had filled the order without at the same time giving notice that the order was filled by him and not by Perry, to whom it was sent, there could have been no recovery, even though the defendant re-

ceived and appropriated the goods.    In that event one of the indispensable elements of a contract, the mutual assent of contracting parties, would have been absent.    To support a recovery for goods sold and delivered, there must have been a contract, either express or implied, between the person that ordered and the one who supplied the goods.    Where goods ordered of one person are supplied by another, the acceptance and use of the goods without notice that they have been so supplied will not create that privity of contract between the person ordering the goods and the one who thus supplies them, which is essential to support an implied assumpsit. *Hills* v. *Snell*, 104 Mass. 173 (6 Am. R. 216); *Boston Ice Co.* v. *Potter*, 123 Mass. 28 (25 Am. R. 9); *Boulton* v. *Jones*, 2 H. & N. 564.

The right of a party to select his own patrons, or to determine with whom he will deal, can not be frustrated by a mere interloper, who fills an order never sent to nor intended for him, without the knowledge or consent of the person to whom the goods are supplied.

It is not essential, however, that notice be given before the goods are delivered.    If the person ordering the goods receives notice before the goods are appropriated or converted that they have been furnished by another, and is also notified that they are furnished upon such terms as import that the person supplying the goods contemplated a sale upon terms stated, and the person who sent the order afterward receives and appropriates them, he thereby assents to and ratifies the filling of the order, and such assent and ratification relate back and give the order the same effect as if it had been originally given to the person who filled it.    *Orcutt* v. *Nelson*, 1 Gray, 536; *Mudge* v. *Oliver*, 1 Allen, 74; *Wellauer* v. *Fellows*, 48 Wis. 105.

The appellant testified that he sent a letter enclosing an invoice of the goods, which stated upon its face the terms upon which they were furnished and the credit given on account of the transaction with Perry.    He also testified that

he explained in the letter in which the invoice was enclosed the circumstances under which he filled the order. The appellee admits that he received the invoice at or about the time he received the goods. He does not deny that he received the letter. It is not enough that through his inattention, induced by the fact that he sent the order to Perry, he failed to observe what was patent upon the face of the letter and invoice, nor does it make any difference that the letter and invoice were received by his clerk or agent, and not by himself.

The appellee can not impose the consequences of his negligence, or that of his agent, upon the appellant, who exercised all the caution that was reasonably possible under the circumstances. The appellant having filled the order in good faith, and having given notice, which the appellee received before he appropriated the goods, the latter can not now throw the loss, which could have happened only through his inattention, on the appellant.

The judgment is reversed, with costs, with directions to the court below to sustain the appellant's motion for a new trial.

Filed Dec. 7, 1887.