## HARRAN vs. FOLEY.

*March 5 — March 31, 1885.*

*Sale of chattels: Mistake in price: Evidence.*

1. If personal property is, by mistake, offered for sale at a lower price than was intended, and the offer is accepted by one who knows or has good reason to believe that it was a mistake, the sale is not binding upon the vendor.
2. Evidence, in such a case, of the price for which the vendor had offered the property and of offers made to him by other persons immediately previous to such acceptance, is competent upon the question of mistake and of knowledge on the part of the vendee.

APPEAL from the Circuit Court for *Brown* County.

Replevin. The complaint was in the usual form. The answer was a general denial. The facts shown upon the trial are stated in the opinion. There was a verdict and judgment for the defendant, and the plaintiff appealed.

For the appellant there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd*.

For the respondent the cause was submitted on the brief of *Vroman & Sale*.

TAYLOR, J.　This is an action of replevin, brought by the appellant to recover the possession of ten head of cattle, which he claims to have purchased of the respondent, and which the respondent refused to deliver to him. The case was tried by a jury, and the verdict was in favor of the defendant. The facts upon which the case turned are substantially as follows:

The plaintiff claims that on the day he purchased the cattle in question the defendant had them in town for sale; that after there had been some talk between him and the defendant about the sale, they came together and the defendant first offered to sell him the ten cattle for the sum of $163; that he declined to give that sum, and then the defend-

ant said he might have them for $161.50; that thereupon he accepted the offer and paid the defendant $20 as part of the purchase price, and directed defendant to drive the cattle down to the place where they then were, and he would get the balance of the money from the bank and pay it to him. Plaintiff got the money and went up to the place where the cattle were, and the defendant refused to deliver them, claiming that he had sold them to him for $261.50 instead of $161.50, and immediately tendered to the plaintiff the $20 he had received from him as a part of the purchase money. The plaintiff tendered the $141.50, which defendant refused, and thereupon the plaintiff brought this action.

On the trial the plaintiff's evidence showed that the price named by the defendant, at the time of the alleged purchase by the plaintiff, was $161.50. On the part of the defendant, that the price named was $261.50; and that if he did in fact name the sum of $161.50 as the price, it was a mistake on his part; that his intention was to state the price at $261.50, and he supposed that he so stated it; that, as soon as he understood that the plaintiff claimed he had bought the cattle for $161.50, he refused to go on with the contract, claiming there was a mistake as to the price, and tendered back the $20.

It is claimed by the learned counsel for the plaintiff that the only question which should have been submitted to the jury was whether the defendant did in fact orally offer to sell the cattle for $161.50, and that if he did so offer them he could not be allowed to show that such offer was made by mistake and contrary to his intention. We think in this the learned counsel for the appellant is in error, and if it was made to appear that the offer made by the defendant was clearly a mistake on his part, a *lapsus linguæ*, when he intended to make the offer at $261.50, and the plaintiff had good reason for supposing that the offer was a mistake, the defendant would not be bound by the offer, and the plaintiff

could not enforce the contract founded on such mistake, and did not acquire title to the cattle under such contract. The rule is undoubtedly correctly stated by Mr. Wharton, in his work on Contracts, as follows: "'When the mistake is that of one party alone; it must be borne in mind that the general rule of law is that whatever a man's real intentions may be, if he manifests an intention to another party, so as to induce the latter to act upon it in making a contract, he will be estopped from denying that the intention as manifested was his real intention.' In other words, supposing there is no fraud or imposition, a party is estopped from denying his expressions were correct. A unilateral mistake of expression, therefore, of one party, cannot be set up by him as a ground for rescinding a contract or for resisting its enforcement, when his language was accepted by the other party in its natural sense. But when the blunder made by the proposer is obvious, an acceptor will not be permitted, by catching it up, to take an unfair advantage." 1 Whart. Cont. § 202a; *Webster v. Cecil*, 30 Beav. 62; *Tamplin v. James*, L. R. 15 Ch. Div. 221.

The case of *Webster v. Cecil* was a case similar in all respects to the case at bar, except that it was a contract for the sale of real estate, and the purchaser sought to enforce the contract by compelling a conveyance. The defendant made an offer to sell at much less than the real value, and his offer had been accepted; but upon receiving the acceptance of the plaintiff he discovered his mistake. The error arose from a mistake in adding up the values of the different parcels of property offered for sale, as he had estimated them on a schedule from which the offer was made. Upon discovering the mistake he immediately notified the purchaser, and refused to convey. The court refused to order a specific performance. In the case of *Tamplin v. James*, Lord Justice JAMES, in referring to the case of *Webster v. Cecil*, says: " Perhaps some cases on this subject go too far; but, for the

Harran vs. Foley.

most part, the cases where a defendant has escaped on the ground of a mistake not contributed to by the plaintiff, have been cases where a hardship amounting to injustice would have been inflicted upon him by holding him to his bargain, and it was unreasonable to hold him to it. *Webster v. Cecil* is a good instance of that, being a case where a person snapped at an offer which he must have perfectly well known to be made by mistake; and the only fault I find with that case is that, in my opinion, the bill ought to have been dismissed with costs." The case referred to had been dismissed without costs. See, also, *Greene v. Bateman*, 2 Wood. & M. (U. S. C. C.), 359.

The remark of the learned judge in the case last cited is quite applicable to the case at bar. It is evident, from the testimony given on the trial, that the defendant, if he ever said to the plaintiff that he would sell him the cattle in controversy for the sum of $161.50, did not say what he intended; and it is almost as apparent from the testimony that the plaintiff was aware of the mistake, and, in the language of the learned judge above quoted, "he snapped at an offer which he must have perfectly well known was made by mistake." The evidence shows that only a few hours before the time the purchase was claimed to have been made by the plaintiff for $161.50, the defendant had demanded of him $270 for them; and the plaintiff himself, immediately after the pretended purchase at $161.50, stated under oath that they were worth $250; and he so testified on the trial. The evidence also shows that the defendant had been offered the sum of $255, cash, for the cattle only a few hours before, which he refused; and only ten or fifteen minutes before the pretended purchase he had demanded the sum of $265 for the lot, of another dealer in cattle. These facts, connected with the fact that when, a few minutes after the pretended purchase, the defendant was informed by the plaintiff that he had bought them for $161.50, he immediately denied that

he had sold them for any such sum, and insisted that the purchase was for $261.50; and his immediate tender back to the plaintiff of the $20 received at the time of pretended purchase at $161.50 shows, beyond all kind of doubt, that, so far as the defendant was concerned, he did not intend to sell, or offer to sell, the cattle for $161.50; and that if he did, in fact, say to the plaintiff and the other witness who testified on the trial that he would take that sum for them, he did so under the impression that he was offering them for the sum of $261.50. We are also of the opinion that there is sufficient evidence to justify a court or jury in finding that if the offer to sell at $161.50 was made, as claimed by the plaintiff and his witnesses, the plaintiff was aware that the offer on the part of the plaintiff was a mistake.

It is evident, therefore, that the minds of the parties never met upon the question of the price to be paid for the cattle, and therefore there was, in fact, no sale. 1 Whart. Cont. 4. The pretended purchase having been repudiated by the defendant before the cattle were in fact delivered to the plaintiff, and the earnest money tendered back to him by the defendant, the plaintiff acquired no title to the cattle, and judgment was properly rendered against him.

There was no error in permitting the defendant to show either what he had been offered for the cattle immediately before the pretended sale to the plaintiff by other persons, or what price he had himself fixed upon them at the same time. Such evidence was clearly pertinent, as tending to show that if he did verbally offer to sell them to the plaintiff for $161.50, that such offer was a clear misapprehension on his part, and was also competent on the question of knowledge on the part of the plaintiff that such offer, if made, was a mistake.

The only material questions in issue to be determined by the jury in this case were: (1) Did the defendant offer to sell the cattle to the plaintiff for the sum of $261.50? and

Harran vs. Foley.

did the plaintiff accept that offer and agree to pay that sum for them? and (2) If the defendant did verbally offer to sell the cattle for the sum of $161.50, was such offer an unconscious mistake or error on the part of the defendant? and when such offer was accepted by the plaintiff, was such error obvious to the plaintiff, or had he good reason for believing the offer was a mistake on the part of the defendant? These questions were fairly submitted to the jury by the court, and both were found in favor of the defendant; and in either case no title passed to the plaintiff. Upon the first finding of the jury no title passed because the plaintiff refused to pay the purchase price, and defendant was not bound to deliver without payment. On the second finding it is clear that the minds of the parties never met upon the price for which the cattle were to be sold and purchased, and no delivery to the plaintiff having been made, no title passed to him. The instructions asked by the plaintiff were properly refused by the circuit court, for the reason above stated, that they assumed that it was incompetent for the defendant to show there was a mistake made by the defendant in his offer of sale. The material issues in the case having been fairly submitted to the jury, and the findings upon these issues being well supported by the evidence, we see no reason for reversing the judgment of the circuit court.

*By the Court.*— The judgment of the circuit court is affirmed.