WISCONSIN FARM LAND COMPANY, Appellant, vs. BULLARD, Respondent.

*September 29—October 20, 1903.*

(1, 2) *Estoppel: Pleading: Evidence: Immaterial error. (3, 4) Special verdict: Review on appeal. (5) Real-estate brokers: Commissions: Sale by owner.*

1. Where an estoppel *in pais* was not pleaded, although there was ample opportunity to do so, evidence to establish such an estoppel is inadmissible.

2. Error in admitting evidence to show that plaintiff was estopped to insist upon a certain contract obligation is immaterial where the jury has found upon sufficient evidence that plaintiff released defendant from that obligation.

3. A special verdict is sufficient if it covers all the facts put in issue by the pleadings in respect to which the evidence is conflicting.

4. If a finding of the jury is supported by any credible evidence it must be regarded on appeal as a verity.

5. In an action by a real-estate broker to recover a commission on a sale of land made by the owner, the jury found that the plaintiff was the procuring cause of the sale, and also that plaintiff had released the defendant from the obligation to pay a commission in case he sold the land himself. *Held,* that the finding that plaintiff was the procuring cause meant no more than that plaintiff directed the attention of the purchaser to the land and that this was what led up to the sale; and that such fact did not entitle plaintiff to a commission, in view of the subsequent release which left defendant free to deal with such purchaser.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Action upon a contract worded as follows:

"This agreement, made and entered into this 14th day of August, 1901, by and between the *Wisconsin Farm Land Co.,* of Neillsville, Wisconsin, and *Andrew Bullard,* Town of Weston of Clark Co., Wisconsin.

"WITNESSETH: The said *Andrew Bullard* for and in consideration of the agreements hereinafter made, does hereby

appoint the said *Wisconsin Farm Land Company* his exclusive agents for the period of until the first of March from the date hereof, except as hereinafter provided, for the sale of the following described lands and properties.

"NE of NE, S. 24, Town 25, 3 W, Acres 40.

"SE of NE, S. 24, Town 25, 3 W, Acres 40.

"The price of said lands and properties shall be $4,500. And in case said lands and properties are sold, $500 shall be retained by the *Wisconsin Farm Land Co.* from the first cash payment, as payment for their services in effecting such sale, and expenses incurred by them in advertising said property, or showing same to prospective buyers. Said sum of $500 shall be in full payment for all services and expenses of said *Wisconsin Farm Land Co.* and no further demand for such services or expense shall be made. The said *A. J. Bullard* hereby reserves the right to, if possible, find a purchaser for, and make sale of the above described lands and properties at the said price of $4,500. And in case a purchaser for said properties is so found he hereby agrees to forthwith bring such purchaser to the office of the *Wisconsin Farm Land Co.* at Neillsville, where all papers of transfer shall be made and executed without cost; and shall pay the *Wisconsin Farm Land Co.* the sum of $500 as payment for expenses incurred by them in advertising of said properties and commission for the sale thereof. It is further agreed that in case no purchaser is found for said properties within the time specified, that the said *Wisconsin Farm Land Co.* shall make no charge for such services rendered or expenses incurred by them in their efforts to effect such sale; except where special expense is authorized and ordered by the said *A. J. Bullard* in which case such expense shall be borne by him whether the sale is effected or not.

"Signed and agreed to on the date first above written.

"WISCONSIN FARM LAND COMPANY,

"Per R. W. Canfield.

"A. J. BULLARD."

Plaintiff alleged in the complaint the making of such contract; that pursuant thereto it procured one Holtz as prospective purchaser to examine the land; that subsequently defendant, independently of plaintiff, contracted such land to

Holtz for $4,350, receiving $150 as a down payment; that later the contract was fully consummated, whereby plaintiff became entitled to the commission of $500 stipulated for. Defendant pleaded want of consideration to support the contract, and that he was released therefrom before the sale was made.

There was conflicting evidence upon three propositions, which were submitted to the jury for solution by special verdict. The result was as follows:

"1. Was the *Wisconsin Farm Land Company* the procuring cause of the purchase by Holtz of defendant's farm? *A.* Yes.

"2. Did the plaintiff by its agent Canfield, before the sale of the farm, release the defendant from the obligation to pay any commission in case defendant sold the farm himself? *A.* Yes.

"3. If you answer the last question 'Yes' then did defendant rely and act upon such release in selling to Holtz? *A.* Yes."

Plaintiff moved for judgment on the verdict, and defendant moved to change the answer to question No. 1 from "Yes" to "No" and for judgment. Both motions were denied. Judgment was thereafter ordered dismissing the complaint with costs.

For the appellant there was a brief by *Sturdevant & Clark*, and oral argument by *L. M. Sturdevant*.

For the respondent there was a brief by *Chas. F. Grow* and *J. R. & C. R. Sturdevant*, and oral argument by *Mr. Grow*. They argued, among other things, that plaintiff's exclusive agency did not prevent defendant from making the sale himself before plaintiff should do so, even if he had failed to reserve this right in the contract. *Dole v. Sherwood*, 41 Minn. 566, 16 Am. St. Rep. 731. Defendant could sell the farm at any time before learning that plaintiff had a purchaser for it at the stipulated price, without being liable to pay a commission. *Darrow v. Harlow*, 21 Wis. 302; *Frenzer v. Lee*, 90

N. W. 914; *McDonald v. Boeing,* 43 Mich. 394, 5 N. W. 439;
*Baars v. Hyland,* 65 Minn. 150. The most that plaintiff did
was to inform Holtz it had this land for sale, while show-
ing him other lands and trying to sell him other farms. This
would not make plaintiff the procuring cause of the sale by
defendant. *Lawrence v. Weir,* 3 Colo. App. 401, 44 L. R.
A. 335, note; *Comm. Nat. Bank v. Hawkins,* 35 Ill. App.
463; *Doonan v. Ives,* 73 Ga. 296, 301; *Ellsmore v. Gamble,*
62 Mich. 543, 547. Defendant had under the facts in this
case the right to sell his farm for less than the price stipulated
in the contract. *McArthur v. Slauson,* 53 Wis. 41. Unless
plaintiff had found a purchaser ready to fulfill the contract
and such a customer as defendant was bound to accept, it
would not be entitled to any commission. *Fraser v. Wyckoff,*
63 N. Y. 445; *McArthur v. Slauson,* 53 Wis. 41. If plaint-
iff had negotiations with Holtz, but abandoned them without
bringing him and the defendant together, defendant could
afterward sell the farm to Holtz without being liable to plaint-
iff. *Wylie v. Marine Nat. Bank,* 61 N. Y. 415; *Frenzer v.
Lee,* 90 N. W. 914; *Platt v. Johr,* 9 Ind. App. 58, 44 L. R.
A. 343, note.

MARSHALL, J. Evidence was allowed against appellant's
objection, to the effect that before making the contract of sale
with Holtz respondent had a conversation with Canfield, ap-
pellant's managing agent, in which it was agreed that if re-
spondent effected a sale of the land appellant would make no
claim for commission under the contract; and that, relying
thereon, respondent contracted with Holtz, making the price
of the land to him $4,350. Error is assigned on that. The
evidence seems to have been offered to establish an estoppel
*in pais.* It was certainly not competent for any other pur-
pose. As no such estoppel was pleaded and there was ample
opportunity to do so, the evidence was irrelevant and should
have been rejected. *Gill v. Rice,* 13 Wis. 549; *Warder v.*

*Baldwin,* 51 Wis. 450, 8 N. W. 257; *Gans v. St. Paul F. &
M. Ins. Co.* 43 Wis. 108. However, the error was not preju-
dicial if the finding of the jury that respondent was released
from his contract cannot be disturbed.

The point is made that the verdict did not dispose of all
the issues, since it only covered the subject of whether re-
spondent was released from his contract; that the evidence
on one side was to the effect that there was an absolute re-
lease, and on the other that there was a conditional or partial
release, hence that the questions should have been framed so
as to require the jury to pass on whether there was an absolute
or partial release. In that counsel falls into the common
error of supposing that a special verdict should be framed to
cover each particular matter of dispute between witnesses in-
stead of facts in issue under the pleadings. The only proper
test to which a special verdict should be subjected is the
pleadings. If it covers all the facts therein put in issue, in
respect to which the evidence is conflicting, it is sufficient.
Such is the plain letter of the statute, sec. 2858, Stats. 1898.
*Mauch v. Hartford,* 112 Wis. 40, 54, 87 N. W. 816; *Goesel
v. Davis,* 100 Wis. 678, 76 N. W. 768; *Baxter v. C. & N. W.
R. Co.* 104 Wis. 307, 313, 80 N. W. 644; *Cullen v. Hanisch,*
114 Wis. 24, 89 N. W. 900. The only issue raised by the
pleadings on the subject of a release from the contract was
whether respondent was wholly released. The form of the
question submitted fitted that issue perfectly. If the atten-
tion of the jury had not been particularly called to the state
of the evidence on the subject there would have been no rea-
sonable probability of their rendering such a verdict as they
did without coming to the conclusion that there was an abso-
lute release as testified to by respondent. But the possibility
of any mistake in that respect was effectually guarded against
by the instruction given by the court to the effect that if the
jury believed that there was but a partial or conditional re-
lease they should answer the question "No."

It is claimed that the finding of the jury as to appellant having released the contract is contrary to the weight of the evidence. That may be. If such be the fact it constitutes no ground for the reversal of the judgment. It is too familiar to warrant more than a mere reference to it, that if there is any credible evidence to support the finding of the jury their decision upon appeal must be regarded as a verity.

The further claim is made that, the jury having found that appellant was the procuring cause of the sale to Holtz, it was entitled to the commission stipulated for in the contract, as, according to respondent's own testimony, he was not to be deemed released except as regards a sale made by him; that the verdict that appellant was the procuring cause of the sale is wholly inconsistent with the view that respondent made the sale. We do not look at the findings of the jury and the evidence that way. The finding that appellant was a procuring cause of the sale obviously means no more than that it drew Holtz's attention to the farm, and that its act in that regard was what led up to the sale. That finding would have been fatal to respondent if the jury had decided that the release was conditional or partial, as appellant's evidence tended to prove. Having decided that the release was unconditional, the mere fact that appellant so interested Holtz in respondent's land that it led to his making a sale thereof, does not furnish appellant a ground of action. Notwithstanding it directed Holtz's attention to the land, it was perfectly competent for it to subsequently release respondent absolutely from his contract, leaving him free to deal with Holtz or any one else, as the jury found was done.

The foregoing leaves nothing more that need be said in disposing of this case. The judgment must be affirmed.

*By the Court.*—So ordered.