ESTEY ORGAN COMPANY, Respondent, vs. LEHMAN and another, Appellants.

*May 2—May 21, 1907.*

*Sales: Misunderstanding as to price: When vendee liable for invoice price: Pleading: Amendment: Evidence: Secondary evidence: Experts: Appeal: Verdict, when set aside.*

1. Where there is a misunderstanding as to the price of an article, the vendor understanding it to be one sum and the vendee another, the contract of sale is incomplete and the law will not imply an agreement to pay a reasonable price.

2. Where, through a misunderstanding, the minds of the parties had not met upon the price of an article prior to its delivery, and the vendee, after receiving it with an invoice showing the price fixed by the vendor, retained the article and converted it to his own use without any agreement for a different price, he became bound to pay the invoice price.

3. Where the original complaint was sufficient to permit the recovery had, there was no error in allowing, after trial, an amendment which did not change the cause of action, but merely made the complaint more specific in conformity with the proof.

4. It was not prejudicial error to exclude a question as to the difference between the specifications of two organs on the ground that the specifications themselves were the best evidence, where the witness had previously testified there was no difference.

5. To render other specifications admissible as secondary evidence of the contents of the specifications in question, it should have been shown that the latter could not be produced.

6. There was no prejudicial error in permitting an expert who had testified fully as to the mechanism of an organ and its condition to state that its condition indicated that the management of the instrument had been improper.

7. Although a verdict is against the weight of evidence, if there is any credible evidence to support it the refusal of the trial court to set it aside will not be disturbed.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This action was brought to recover the price of an organ

and motor. The original complaint alleged their sale and delivery at Houghton, Michigan, on or about February 1, 1904, for the agreed price of $2,401.05. The defendants answered, admitting that they purchased from plaintiff an organ and motor, and denying all other allegations of the complaint, and further alleging that the agreed price was $1,750. Defendants also set up several counterclaims for damages on account of breaches of warranty in organs in failure to properly furnish music. Plaintiff replied to the counterclaims, denying the allegations thereof. At the close of the plaintiff's evidence and after motion for nonsuit by defendants the court permitted plaintiff to amend its complaint by inserting, in effect, that the plaintiff shipped and delivered to the defendant, pursuant to order, at Houghton, Michigan, on or about February 12, 1904, the organ and motor, and that prior to that date plaintiff informed defendants that the price was $2,401.05, and that defendants accepted said property knowing the price, and agreed to pay said sum of $2,401.05. The jury found as follows:

Did E. C. Hall, assuming to act for the plaintiff, and *Eugene Lehman,* acting for the defendant, contract for the sale by the plaintiff to the defendant of the organ to recover the price of which this action is brought, for the sum of $1,750 ? *A.* No.

If your answer to the first question should be "No," then answer this: Had said plaintiff, prior to receiving said defendants' order for said organ, informed said defendants that its price for such organ was $1,750 ? *A.* No.

Was said organ, when delivered by said plaintiff on the cars, capable of producing music automatically, if kept in a proper place and properly used ? *A.* Yes.

Was the "Pierce" organ, when delivered by the plaintiff on the cars, capable of producing music automatically, if kept in a proper place and properly used ? *A.* Yes.

Was the "Schwartz" organ, when the plaintiff delivered the same on the cars, capable of producing music automatically, if kept in a proper place and properly used ? *A.* Yes.

Several months after trial and upon motion by plaintiff it was permitted to further amend the complaint, which amendment is unnecessary to consider. Judgment was rendered for plaintiff for the sum of $2,401.05, from which this appeal was taken.

For the appellants there was a brief by *Minahan & Minahan,* and oral argument by *V. I. Minahan.* To the point that, no price having been mentioned in the contract of sale, defendants were liable only for the reasonable value of the organ, they cited 1 Mechem, Sales, § 207; 2 id. § 1659; *Cunningham v. Ashbrook,* 20 Mo. 553, 559; 24 Am. & Eng. Ency. of Law (2d ed.) 1126; *Shields v. Pettie,* 4 N. Y. 122; *Hoadly v. McLaine,* 10 Bing. 482; *Pelletreau v. United E. L. & P. Co.* 30 N. Y. Supp. 948; *Diether v. Ferguson L. Co.* 9 Ind. App. 173, 35 N. E. 843; *Fenton v. Braden,* 2 Cranch C. C. 550, 8 Fed. Cas. 1140; 1 Benj. Sales (7th ed.) § 85; *Manistee Iron Works Co. v. Shores L. Co.* 92 Wis. 21, 28.

For the respondent there was a brief by *Cady & Strehlow,* and oral argument by *Samuel H. Cady.*

KERWIN, J. The assignments of error discussed by appellants may be treated under the following heads: (1) Denial of defendants' motions for nonsuit, directed verdict, and judgment notwithstanding the verdict. (2) Order of April 28, 1906, allowing amendment to complaint. (3) Errors in the admission and exclusion of evidence. (4) Order denying new trial. The defendants claimed an agreement to purchase the organ and motor at $1,750, and this question was found against them by the jury. The jury also found against defendants upon the counterclaims. Aside from the facts found by the jury there is but little dispute upon the facts. We also have in the record a very able and exhaustive opinion of the circuit judge treating the facts and law of the case, in which he finds that the plaintiff is entitled to judgment for the amount claimed.

1. The three assignments of error—refusal of nonsuit, refusal to direct a verdict for defendants, and denial of motion for judgment for defendants on the verdict—are considered together by appellants. They involve the main controversy in the case, namely, whether upon the evidence and the verdict the plaintiff was entitled to judgment. The purchase of the organ and motor was made by correspondence, and it is established that no price was agreed upon nor time of delivery fixed upon in such correspondence. It is also established by the evidence that defendants expected to get the organ for $1,750, while the plaintiff expected to get $2,300 for it, and understood it was selling it for that price, which was the regular selling price. It is therefore apparent that the minds of the parties never met upon the price before delivery of the organ. It is strenuously insisted, however, by counsel for appellants that where no price is agreed upon the law will imply one. The argument of counsel would have great force if there was no misunderstanding as to price. But where no price is agreed upon and there is a misunderstanding as to price, one party understanding it to be one sum and the other another, the doctrine invoked by counsel for appellants cannot apply. There being a clear misunderstanding as to price, the contract of sale was not complete until the price was agreed upon, and the law could not imply a price contrary to the understanding of the parties. *Harran v. Foley,* 62 Wis. 584, 22 N. W. 837; *Rupley v. Daggett,* 74 Ill. 351. We think it clear that the doctrine that the law will imply the parties intended a reasonable price where no price is agreed upon cannot apply to the case before us. The organ ordered was one of the style and size that plaintiff sold for $2,300. The organ was shipped on January 22, 1904. On January 25th plaintiff mailed a letter, inclosing an invoice of the price, $2,300 for the organ, and the balance, $101.05, for the motor, making $2,401.05, the amount sued for. The defendants received this letter January 30, 1904, and replied to it the same day, stating

that the plaintiff had made a mistake as to the amount and demanding that the bill be corrected. Plaintiff replied February 4, 1904, confirming the amount of the invoice. In the ordinary course of mail this letter would reach defendants not later than February 7, 1904. One of defendants left Green Bay February 12, 1904, for Houghton, Michigan, and took the organ from the railroad company at that place and set it up. The defendants having received and retained the property with knowledge of the price the plaintiff expected to receive, and without any agreement express or implied for a different price, they cannot escape payment of the price stated in the invoice. *Orme v. Cooper,* 1 Ind. App. 449, 27 N. E. 655; *Neidig v. Cole,* 13 Neb. 39, 13 N. W. 18; *Wellauer v. Fellows,* 48 Wis. 105, 4 N. W. 114. The minds of the parties not having met upon the price prior to the time the property was received by defendants at Houghton, Michigan, it was their duty, when they received it with knowledge of the price, to refuse to accept it, unless they were willing to pay the price stated in the invoice. Having taken the property and converted it to their own use, they became liable to pay such price, which the evidence establishes was the regular selling price and a reasonable price.

2. Error is assigned because the court allowed plaintiff to amend its complaint on April 28, 1906, several months after the trial. But the complaint as it stood upon the trial and before the amendment of April 28th was ample to permit recovery upon the grounds heretofore stated. The amendment complained of was therefore wholly unnecessary, and consequently worked no prejudice to defendants. The original complaint stated facts showing sale and delivery at Houghton, Michigan, at an agreed price. The amendment allowed upon the trial merely made the original complaint more specific in conformity with the proof, not changing the cause of action, so that the complaint as it stood upon the trial was sufficient, and no amendment after trial was necessary.

3. Error is assigned upon the admission and exclusion of evidence. These alleged errors, in so far as they go to the questions arising under the amendments to the complaint on the questions of market value and reasonable value of the property described in the complaint, in the view we take of the case are immaterial and need not be considered. Nor do we think the alleged errors assigned respecting the admission and exclusion of evidence on the defendants' counterclaims worked any prejudice to defendants. The appellants complain because objection to the following question was sustained: "Well, what is the difference between the specifications of the 'Estey church organ' and the 'Estey automatic organ?'" Objection to this question was sustained on the ground that specifications were the best evidence, and that appellants made no showing that they were unable to produce them. It however appears that the witness had previously testified that there was no difference between the specifications, and hence there was no prejudicial error in sustaining the objection to the question. Before allowing other specifications to be introduced as secondary evidence, the appellants were bound to show that they could not produce the originals.

Complaint is also made because the witness Hall was permitted to answer the following question: "What did the regulation indicate?" Hall was qualified as an expert, and had testified fully respecting the mechanism of the organ. The evidence sought to be drawn out by the question was intended merely to show that the management of the organ had been improper. Moreover, the witness stated the facts upon which he based his opinion. We find no prejudicial error in the admission of this evidence. *Hallum v. Omro,* 122 Wis. 337, 99 N. W. 1051, and cases cited in opinion.

4. Error is assigned because of denial of motion for new trial. This is based upon the alleged errors heretofore considered, and in addition that the verdict was against the evidence and uncontradicted facts. That the verdict is against the weight of the evidence is not ground for reversal if there

is any credible evidence to support the verdict. The jury and the trial court found in favor of the plaintiff on the sufficiency of the evidence, and after a careful examination we cannot say that there is no credible evidence to support the verdict, or that the verdict is against the uncontradicted facts. The rule has been so often laid down by this court that further discussion seems unnecessary. We cite a few of the cases where the rule has been stated: *Peat v. C., M. & St. P. R. Co.* 128 Wis. 86, 107 N. W. 355; *Flaherty v. Harrison,* 98 Wis. 559, 74 N. W. 360; *Collins v. Janesville,* 117 Wis. 415, 94 N. W. 309; *Bannon v. Ins. Co. of N. A.* 115 Wis. 250, 91 N. W. 666; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Wis. F. L. Co. v. Bullard,* 119 Wis. 320, 96 N. W. 833.

We find no reversible error in the record, and think the judgment is right and should be affirmed.

*By the Court.*—The judgment of the court below is affirmed.