[No. 9939. Department Two. April 10, 1912.]

J. T. DONALDSON *et al.*, *Appellants*, v. DAN R. ABRAHAM *et al.*, *Respondents.*[1]

EQUITY—MISTAKE—EVIDENCE—SUFFICIENCY. There is sufficient evidence to establish that a bid for county work was submitted under a mistake, where one of the plaintiffs so testified, and that the mistake resulted from the inadvertent omission of an item of $3,500 intended to be included in the total of specific estimates.

EQUITY—MISTAKE—RELIEF—FORFEITURE—MISTAKE IN BID—COUNTIES—CONTRACTS—BIDS. Where bidders on county work by inadvertence omitted an item of $3,500 from the total estimates, and notified the county commissioners as soon as the mistake was discovered that they desired to withdraw or amend the bid, and the work could not be done at the price bid without loss, equity will grant relief from the mistake and allow a recovery of the sum deposited as a forfeiture for refusal to enter into the contract, the mistake not being the result of wilful neglect; and this, whether the forfeiture was stipulated or provided by statute.

SAME. In such a case, the county's loss of the deposit is not a loss or injury to others constituting a ground for denying relief from the mistake.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered May 23, 1911, dismissing an

[1]Reported in 122 Pac. 1003.

action to recover a deposit on a bid for county work, upon granting a nonsuit in a trial to the court.  Reversed.

*Frank C. Park* (*H. D. Moore,* of counsel), for appellants.
*John F. Murphy* and *M. H. Ingersoll,* for respondents.

FULLERTON, J.—In the early part of the year 1911, the county commissioners of King county advertised for bids for the construction of a county road, over a designated route, according to certain plans and specifications.  The specifications described the work in detail, setting forth the different kinds of work that would be required to complete the highway, and the estimated quantity of each kind thereof.  Each bid was required to be in one lump sum for the completed work, and was to be accompanied by the certified check of the bidder, to be forfeited if the bidder failed to enter into a contract should his bid be accepted and a contract tendered him.  The appellants bid for the work, offering to complete the same for the sum of $18,500.  With their bid, they tendered the certified check required.  The bid was accepted by the county commissioners, and a formal contract conditioned for the performance of the work tendered them.  They refused to enter into the contract required, and demanded a return of their check.  This was refused them, whereupon they brought the present action to recover the same, or in lieu thereof its value in money.

In their complaint, the appellants alleged, in excuse of their refusal to enter into the contract for the work in accordance with their bid, that they had made a mistake in computing the items going to make up the total thereof; that, prior to bidding on the work, they went over the ground and made an estimate of the cost thereof in detail, estimating separately each item of work required to be performed by the plans and specifications; that, in computing the amounts of the several items in order to make up the total, they omitted an item of $3,500, estimated as the cost of clearing the ground, and that in consequence their bid was less by that sum than they

actually intended to make it. They further alleged that the bid was submitted on April 5, 1911; that after the bid had been submitted they recast their figures and discovered the mistake; that they went immediately to the office of the county commissioners, notified them of their mistake and requested to be permitted either to correct the bid or withdraw the same, informing them at the same time that it was impossible for them to perform the work for the sum set forth in the bid.

Issue was taken on the complaint, and a trial entered upon, at which one of the appellants was called as a witness and testified to a state of facts substantially as they were alleged in the complaint. At the conclusion of his evidence, the respondents moved for a dismissal on the ground that the evidence was insufficient to justify a recovery. The court took the motion under advisement, and after due consideration granted the same, entering a judgment of dismissal. This appeal followed.

The respondents argue that the evidence is insufficient to sustain the allegations of the complaint to the effect that a mistake was made by the appellants in computing the items that go to make up the sum total of their bid. It is said that the idea of a mistake is an afterthought on the part of the appellants, put forth to relieve them from the penalty of a bid, which they concluded was too low after finding out that other bidders desired a much higher price for the same work, and it is intimated, although not directly so stated, that the trial judge so found. The trial judge made no findings of fact or conclusions of law, hence we are not advised as to the ground on which he rested his decision; but it seems to us that the decision has no support on the ground here suggested. The only witness called was one of the appellants, and he states clearly that the bid was the result of a mistake, and consisted of the omission from the sum total of an item of $3,500 which it was thought had been included therein. He also testified that he, together with his coappellant, notified the county commissioners and county engineer

of the mistake immediately upon its discovery, and informed them that they desired to withdraw the bid, as it would be impossible to execute the contract for the sum named therein. There was no contradictory evidence introduced or offered, and the record contains nothing otherwise that tends to impeach the witness. We can see no reason, therefore, why we should not give his evidence the credit it seems on its face to deserve, and hold that the bid was submitted through inadvertence and mistake.

The remaining question is, Was the mistake such as to entitle the appellants to relief from their obligation to enter into a contract for the performance of the work? We think it was. It is not forgotten, of course, that the requirement is statutory that a bidder for county work, such as that in contemplation here, shall deposit with his bid a certified check in an amount equal to five per centum thereof, which shall be forfeited if the bidder refused to enter into a contract for the performance of the work in case the contract be awarded him (Rem. & Bal. Code, § 5585); but this does not call for a rule different from the ordinary rule. Equity has the same power to relieve from forfeitures provided for by statute as it has to relieve from forfeitures provided for by ordinary contract. Where mistake is relied upon to relieve, the essential requirement in both instances is that the mistake be not the result of wilful neglect, that it be of such a character as to cause serious pecuniary or other detrimental loss to the person disadvantageously affected by it if it be not relieved from, and that to relieve from it will not operate to the injury of another.

The appellants in the case before us fall within the rule. By mistake and inadvertence, they put in a bid for a piece of work for a sum much less than they intended to bid for it, and for a sum much less than that for which the work could be performed without loss. The mistake was not due to their wilful neglect, nor will the granting relief from the mistake cause the other persons interested any serious loss,

other than they will be deprived of the gain to be derived from a forfeiture of the check. But this latter is not a loss or injury within the meaning of the rule, and is not a ground for denying relief.

The cases wherein the precise question here presented is involved seem not to be many ; but in so far as they have been called to our attention, they favor the granting of relief under such circumstances. *Moffett, Hodgkins & Clarke Co. v. Rochester*, 178 U. S. 373 ; *Board of School Com'rs of Indianapolis v. Bender*, 36 Ind. App. 164, ·72 N. E. 154 ; *Harran v. Foley*, 62 Wis. 584, 22 N. W. 837.

The judgment appealed from is reversed, and the cause remanded with instructions to enter judgment for the plaintiff, as prayed for in his complaint.

DUNBAR, C. J., and ELLIS, J., concur.