[No. 17745.    Department Two.    May 10, 1923.]

PETER G. HILSTAD et al., Appellants, v. KITSAP COUNTY et al., Respondents.[1]

HIGHWAYS (33)—CONSTRUCTION—CONTRACTS—FORFEITURE OF DEPOSIT ON BID. The forfeiture of the certified check of a successful bidder on state highway work, upon his failure to enter into the contract and execute a bond within five days, as provided for by Rem. Comp. Stat., § 6408, is not excused by the fact that a bank promised to furnish a bond and later refused to do so.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered June 8, 1922, upon sustaining a demurrer to the complaint, dismissing an action to recover a deposit on a bid for county work. Affirmed.

S. S. Langland, for appellants.

FULLERTON, J.—This action was instituted by appellants to recover from Kitsap county the amount of

[1]Reported in 215 Pac. 12.

a certified check for $250, tendered to the county with a bid on a contract for road construction work. ' The court below sustained a demurrer to appellants' amended complaint, and upon their refusal to plead further, entered a judgment of dismissal. The appeal is prosecuted from this judgment.

The complaint alleged the call for bids, which provided:

"That each bid must be accompanied by a certified check payable to the Board of County Commissioners in the sum of 5 per cent of the amount bid; that if said bid is accepted, . . . the successful bidder will be required to furnish, before entering upon the work, a corporate surety bond in a penal sum equal to the contract price; but if upon the acceptance of the bid, the bidder fails and neglects to enter into the contract and furnish the necessary bond, the certified check shall be forfeited to the bond and bridge fund of Kitsap county."

It is then alleged that the appellants in good faith made a bid of $5,000 for the work, and at the same time submitted a certified check for $250; that this bid was duly accepted by the commissioners; that, prior to the submission of the bid, the appellants had arranged with the Bremerton Trust and Savings Bank of Bremerton for a corporate surety bond to be furnished if their bid was accepted, and that they had relied upon the promise of the bank in making their bid; that, following the acceptance of the bid, they made a demand upon the bank for the bond, but that the bank refused to furnish it, and that they were unable to secure a bond from any other source; that they thereupon notified the county commissioners of their failure to secure a bond and demanded the return of the check, which was refused. Their prayer for relief is based upon

the allegation "that on account of the refusal to furnish them the bond and on account of the inability to secure a bond, they were taken by surprise, and that on account of said accident said check or the money should in good conscience be returned to plaintiffs."

Subdivision 4, § 6408, Rem. Comp. Stat. [P. C. § 5970], under which the certified check was retained by the county, reads:

"Fourth. Each bidder shall deposit with his bid a certified check in an amount equal to five per cent of his bid. Should the bidder to whom the contract is awarded fail to enter into a contract with the commissioners and furnish the bond hereinbefore provided within five days after notice of such award, the amount of said check shall be forfeited to the general road and bridge fund of the county."

We held in *Donaldson v. Abraham,* 68 Wash. 208, 122 Pac. 1003, that the amount of the check could be recovered where there was undisputed evidence of a mistake in figuring the amount of the bid. That is not the situation here. The failure to secure a bond is neither an accident nor a mistake such as equity will relieve against.

Appellants argue that the purpose of § 6408 [P. C. § 5970], is to secure good faith on the part of the bidder and to impose a punishment in case of bad faith, negligence or default. That may be true, but it is also intended to limit bids upon public work to those competent and financially able to carry out the contracts. The provision for a forfeiture of the check not only does thus limit the bidding, but also provides a method of reimbursing the county for the time lost in proceeding with the work and the expense incurred.

On the failure of the specific bank to furnish the bond, it was the duty of the appellants to procure a

bond from some other source.    Failing in this, they
cannot claim a return of the check.

The judgment is affirmed.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ.,
concur.