[No. 4614-II. Division Two. October 12, 1981.]

Peter Kiewit Sons' Company, *Respondent,* v. The Department of Transportation, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *John J. Kirschner, Assistant,* for appellant.

*Stuart G. Oles* and *Oles, Morrison, Rinker,* for respondent.

REED, C.J.—The Washington State Department of Transportation (State) appeals from a summary judgment order releasing Peter Kiewit Sons' Company (Kiewit) from its low bid on a highway construction project and enjoining the State from declaring a forfeiture of Kiewit's bid bond. We reverse and remand for a full trial on the merits.

On October 22, 1979, the State advertised for bids on a

major highway construction project entitled East Mercer Interchange–Phase I. Bid opening was set for 10 a.m. on November 28, 1979. On the morning of the bid opening, a representative of Kiewit submitted a bid dated November 26, 1979. As required, Kiewit also posted a bid bond in the amount of 5 percent of its bid.

Of the four bids received, Kiewit's bid, in the amount of $9,931,749.57, was the lowest. The other three were $12,128,632.87; $12,827,309.09; and $14,986,516.65 respectively. The State's estimate for the project was $9,718,747.32.

On December 5, 1979, Kiewit notified the State by telephone that it suspected a mistake in its bid. The State received notice of Kiewit's claimed mistake by telegram on December 7, 1979, and by letter on December 10, 1979. The letter requested that the State release Kiewit from its bid and from forfeiture of the bid bond. The State rejected these claims of mistake and Kiewit was awarded the contract on December 13, 1979.

On December 17, 1979, Kiewit filed a declaratory judgment action, asking the court to relieve it from its bid and to exonerate its bid bond. By filing an affidavit and motion, Kiewit obtained an order to show cause why summary judgment should not be granted in its favor. The State responded by filing several affidavits in support of its argument that there were genuine issues of material fact that precluded summary disposition of the matter. The trial court concluded that the pleadings and affidavits raised no genuine issues of material fact and granted summary judgment in favor of Kiewit.

After the trial court's decision the State determined that the most appropriate course of action was to reject all the remaining bids and readvertise. This determination was based on the fact that acceptance of the second low bid, which exceeded the State's estimate for the cost of the project by more than 7 percent, would have resulted in the loss of federal matching funds. The specifications accompanying the second call for bids contained an incentive clause,

not present in the original specifications, whereby the State agreed to pay the construction company a bonus of $300,000 if the work were completed prior to September 1, 1981. Under this new call for bids, Kiewit was again the low bidder. Kiewit has since been awarded the new contract and is proceeding with the project.

On this appeal the State argues that summary judgment allowing rescission of the bid was inappropriate because there were genuine issues of material fact as to whether the errors in the bid justified equitable relief. The State also contends that even if the facts did warrant rescission of Kiewit's bid, they did not justify an injunction preventing the forfeiture of the bid bond. Kiewit takes issue with these contentions and further urges that the State is precluded from challenging the summary judgment because it entered into a stipulation at the trial that there were no genuine issues of material fact. Kiewit has also moved to dismiss this appeal on the grounds of waiver and estoppel.

We turn first to Kiewit's motion to dismiss this appeal. Kiewit contends that the State has waived, or is estopped, from appealing the summary judgment because Kiewit has subsequently been awarded a contract for the same work under a new call for bids. Specifically, Kiewit argues that at the time summary judgment was granted by the trial court the State was required to choose between (1) awarding the contract to the second lowest bidder and seeking forfeiture of the bid bond and other damages on appeal, or (2) foregoing appeal and readvertising for bids.

█ We find this argument to be unfounded. Washington cases recognize that performance of a contract, by a party having the right to rescind, constitutes a waiver of that right. *Red–Samm Mining Co. v. Port of Seattle,* 8 Wn. App. 610, 508 P.2d 175 (1973); *J.J. Welcome & Sons Constr. Co. v. State,* 6 Wn. App. 985, 497 P.2d 953 (1972). These cases might be applicable by analogy if the State were presently attempting to obtain a reversal of the trial court's decision in order to compel Kiewit to perform the original contract at the price of the first bid. However, that

is not the purpose of this appeal. The State is merely attempting to avail itself of its statutory remedy (*i.e.*, forfeiture of the bid bond) for Kiewit's breach of the original contract. The right to pursue this remedy is not dependent on whether the State awards the original contract to the second lowest bidder or readvertises for new bids. The right to reject all remaining bids and readvertise is expressly sanctioned by the same statute which provides for forfeiture of the bid bond where the successful bidder fails to honor its bid. RCW 47.28.100. Moreover, the basic purpose of bid bonds is to afford protection against a change in status involving substantial damages, loss or detriment by the party soliciting bids. *Puget Sound Painters, Inc. v. State,* 45 Wn.2d 819, 278 P.2d 302 (1954). In the instant case, Kiewit's failure to honor its bid occasioned substantial time delay and resulted in the State having to supplement the specifications accompanying the second call for bids with the $300,000 incentive clause. Therefore the State suffered a detrimental change in status despite the fact that it eventually entered into a new contract with Kiewit pursuant to the readvertisement.

Having concluded that Kiewit's motion to dismiss must be denied, we turn now to the merits of the appeal.

■ The first issue we must consider is whether the State's affirmative response to the trial court's question, "Do you both agree that this, as a practical matter, ought to be decided now?", constituted a stipulation that there were no genuine issues of material fact. We conclude that it did not. To be effective, the terms of a stipulation must be definite and certain. 73 Am. Jur. 2d *Stipulations* § 2 (1974). Here, the court's inquiry did not clearly and definitely ask if the State agreed or conceded that there were no factual issues.

The remaining question is whether the errors in Kiewit's bid were the type of mistakes which are recognized as warranting equitable relief. The existence of any issue of material fact in this regard would conclusively establish that the trial court's order granting summary judgment was inap-

propriate. *Morris v. McNicol*, 83 Wn.2d 491, 519 P.2d 7 (1974).

Kiewit allegedly made two mistakes in the preparation of its bid. First there was a $50,000 error which resulted from a failure of communication between Kiewit's Seattle and Vancouver offices. Most of Kiewit's bid was prepared in its Vancouver office. Certain structural prices, however, were to be prepared by the Seattle office. In preparing its estimate, the Seattle office overlooked the costs of certain items of work related to shoring and cribbing which were hastily "plugged in" (*i.e.*, guessed at) at the last moment by the Vancouver office. Although not supported by its original affidavit, Kiewit alleges on appeal that this "plugged in" figure was intended to be temporary and that it was mistakenly used in preparing the actual bid due to simple oversight.

The second error involves a $500,000 oversight of the cost of structural excavation and backfill outside the "neat lines."[1] Kiewit maintains that this error resulted from a misinterpretation of the contract specifications. However, the letter Kiewit sent to the State on December 10, 1979 and one of Kiewit's own affidavits, indicate that this oversight was occasioned, at least in part, by the use of the "plugged in" figure for shoring and cribbing.

 Washington decisions have held that in order for a bidder to obtain equitable relief for an erroneous bid, he must convince the court that (a) he acted in good faith; (b) without gross negligence; (c) he was reasonably prompt in giving notice of the error to the other party; (d) he will suffer substantial detriment if relief is not granted; and (e) the other party's status has not changed so significantly that relief from the forfeiture will work substantial hardship on him. *See, e.g., Puget Sound Painters, Inc. v. State,*

---

[1]The "neat lines" refer to the area within which the contractor would automatically be paid for structural excavation and backfill. Any excavation work outside this area would be at the contractor's expense and would have to be included in the bid calculations.

*supra; Clover Park School Dist. 400 v. Consolidated Dairy Prods. Co.,* 15 Wn. App. 429, 550 P.2d 47 (1976). However, the Washington courts have never specifically addressed the threshold question of whether there are certain types of mistakes that will never justify rescission of a bid.[2]

This issue has been litigated in other jurisdictions. The State places particular reliance on *M.F. Kemper Constr. Co. v. Los Angeles,* 37 Cal. 2d 696, 235 P.2d 7 (1951), wherein the court held that equitable relief is generally refused for errors in judgment and allowed only for clerical or mathematical mistakes of fact. In *Kemper* the court reasoned that where a person is denied relief because of an error in judgment, the agreement which is enforced is the one he intended to make, whereas if he is denied relief from a clerical error, he is forced to perform an agreement he had no intention of entering.

Subsequent case law indicates the development of a more liberal attitude regarding the types of mistakes which may warrant rescission of a bid. The courts have come to recognize that numerous mistakes, besides simple mathematical errors, can result in the contractor submitting a bid which does not embody his intent and thereby prevent a true meeting of the minds. *Balaban–Gordon Co. v. Brighton Sewer Dist. 2,* 41 A.D.2d 246, 342 N.Y.S.2d 435 (1973). Many mistakes involve mixed errors of fact and judgment and drawing too fine a line between the two can produce harsh and unnecessary results. *White v. Berenda Mesa Water Dist.,* 7 Cal. App. 3d 894, 87 Cal. Rptr. 338 (1970). The modern trend is to accord equitable relief to mistakes which render the bid incompatible with the true intent of the bidder, and which can be clearly and convincingly demonstrated by objective proof. *See Balaban–Gordon Co. v.*

---

[2] All of the Washington cases granting relief of this type have involved either simple clerical or mathematical errors, or situations where there was some kind of inequitable conduct by the party soliciting the bids. *See Puget Sound Painters, Inc. v. State, supra; Donaldson v. Abraham,* 68 Wash. 208, 122 P. 1003 (1912); *La Conner v. American Constr. Co.,* 21 Wn. App. 336, 585 P.2d 162 (1978); *Clover Park School Dist. 400 v. Consolidated Dairy Prods. Co., supra.*

*Brighton Sewer Dist. 2, supra.*

■■ Even under this more liberal standard there are certain types of mistakes, such as underestimating the cost of labor and materials, which are purely judgmental and never entitle a bidder to equitable relief. Mistakes of this type are inherent business risks assumed by contractors in all bidding situations. *Balaban–Gordon Co. v. Brighton Sewer Dist. 2, supra.* The proof as to whether a mistake of this type has occurred is so completely within the control and power of the contractor that the public body is helpless to refute it. *M.F. Kemper Constr. Co. v. Los Angeles, supra* (Carter, J., dissenting).

We find the foregoing authority persuasive and adopt the reasoning that there are certain varieties of judgmental error which never provide grounds for equitable relief. Therefore, summary judgment was properly granted in the instant case only if the pleadings and affidavits unequivocally supported Kiewit's contentions that its errors were the result of simple oversight and misinterpretation of the contract specifications. Errors of this type would render the bid incompatible with Kiewit's true intent and be amenable to objective evaluation, thereby satisfying the threshold requirement for rescission.

Unfortunately for Kiewit, the affidavits presented to the trial court failed to establish the absence of genuine issues of material fact regarding the nature of its mistakes. On the contrary, one of Kiewit's own affidavits indicated that both mistakes resulted, at least in part, from its having guessed at the nature and cost of some of the work at the last moment. A decision to guess at the last minute, and to submit a bid, rather than forego the possibility of submitting the winning bid, is a purely judgmental mistake. Moreover, it is the type of mistake which can only be substantiated by a subjective inquiry into the state of the bidder's mind and therefore would not warrant rescission of the bid or release of the bid bond. Because there were genuine issues concerning the precise nature of Kiewit's mistakes, we hold that it was inappropriate for the trial court

to dispose of the controversy in a summary fashion.

We further hold that, regardless of the nature of Kiewit's mistakes, summary judgment was inappropriate because there were genuine issues of material fact regarding several of the criteria for rescission set out in *Puget Sound Painters*. Serious questions as to Kiewit's good faith and lack of gross negligence were raised by the affidavit suggesting that the bid was partially the result of guesswork. Similarly, the State's affidavits, which discussed the financial repercussions of allowing rescission, raised a genuine issue concerning the satisfaction of the requirement that equitable relief not occasion substantial hardship to the party soliciting bids.

We do not reach the State's argument that a decision to allow a contractor to rescind his bid does not necessarily preclude forfeiture of the bid bond. We hasten to point out, however, that the State is free to raise this argument on remand.

For the reasons stated, we reverse the summary judgment and remand the case for trial on the merits.

PEARSON and PETRICH, JJ., concur.