C. NEIDIG, PLAINTIFF IN ERROR, v. COLE & PILSBURY, DEFENDANTS IN ERROR.

1. **Contract:** IMPLIED AGREEMENT. N., under an agreement with M. B., by which he was to receive certain goods from them, sent his order therefor. Being unable to furnish the goods at that time, M. B. handed the order to C. & P., dealers in such goods, to fill, which they did in their own names, shipping them as directed in the order to N., and at the same time informing him of the price and terms of payment to be made to them. *Held.* That by the acceptance of the goods under these circumstances the law implied an agreement on the part of N. to pay for them according to the terms upon which they were delivered to him

2. **Argument to Jury.** When there is no disputed material fact for the jury to pass upon, it is not error for the court to refuse to permit counsel to address them.

ERROR to the district court for Madison county. Tried below before BARNES, J. The facts are fully set forth in the opinion.

*Robertson & Campbell,* for plaintiff in·error.

Evidence shows that Cole & Pilsbury were agents of Mabie Brothers. Agency may be inferred from acts of parties. 1 Bouvier's Law Dic., 100. *Columbus Company v. Hurford,* 1 Neb., 157. And same defenses can be interposed as if action had been brought by principal. *Taintor v. Prendergast,* 3 Hill, 72. *Huntington v. Knox,* 7 Cush., 371. Counsel should have been allowed to argue cause to jury. *Eaton v. Carruth,* 11 Neb., 231. *Hollenbeck v. Mc-*

*Mahon*, 25 Ohio State, 1. *Hickman v. Jones*, 9 Wall., 197. *Barney v. Schneider*, Id., 249.

*Marlow & Munger* and *E. F. Gray*, for defendants in error.

LAKE, CH. J.

The action in the court below was brought by the defendants in error to recover the price of a quantity of fencing material consisting of iron posts and wire, delivered by them to the plaintiff in error.

It is very questionable whether the facts alleged in the answer are sufficient to constitute a defense to the petition. The defense sought to be made by it was, that the material was delivered in fulfillment of a contract between said Neidig and the firm of Mabie Brothers, acting for and on behalf of the Iowa Central Iron Fence Company, of Marshalltown, Iowa, and for which he had paid in advance, by his promissory note, the sum of one hundred and fifty dollars. It is contended with much reason by counsel for the defendants in error—and it is probably true—that the answer is wanting in omitting to state that Cole & Pilsbury furnished the articles on the credit of the Fence Company, or of Mabie Brothers, from whom Neidig ordered them, thereby conceding the claim and inference that they furnished them on the credit of him to whom they were shipped.

But, even if the answer be accepted as sufficient to admit all of the evidence offered under it, we are nevertheless of opinion that no defense was exhibited upon the trial, and that the court was right in directing a verdict in favor of Cole & Pilsbury for the amount of their demand.

So far as concerns the defendants in error, the transaction out of which this action arose was a very simple one, and about as follows: Neidig having made an agreement with the Iowa Central Iron Fence Company and Mabie Brothers, by which the latter were to furnish to him certain fencing material, sent to them an order in these words:

"MADISON, Neb., April 9, 1879.

"MABIE BROS., Gents: Please send me 300 iron fence posts, and 1200 ℔s. of wire. Ship goods to Wisner, Neb.

"Yours truly, · C. NEIDIG."

Mabie Brothers received this order, but for some reason, not being able to furnish the articles called for, they turned it over to Cole & Pilsbury to fill, and shortly afterwards notified Neidig of what they had done. This notification was as follows, written upon a postal card, and transmitted by mail:

"FREMONT, 4-29, '79.

"C. NEIDIG, Dear sir; Yours received. Cole & Pilsbury, the dealers here, say that they will fill your order. They do this. The shops here have been changing hands. They fill your orders until things are getting in shape. Send all orders to ·P. S. Marvin. He fills all orders for the Iowa · Central Iron Fencing Co. Posts are a little behind but will be ready soon. Truly yours."

This notice was not signed, but it is admitted by Neidig to have been in the hand-writing of one of the Mabies, and he accepted it as coming from them.

Upon receiving this order, Cole & Pilsbury, in their own name, shipped the goods, with the exception of a portion of the posts, as directed therein, and at the same time sent to Neidig a bill of the items and charges, as follows:

"FREMONT, NEB., April 24th, 1879.

"Mr. C. Neidig, Madison, Neb.: Bought of Cole & Pilsbury, wholesale and retail dealers in hardware," etc.

"No. 84 E street, between Fourth and Fifth. Terms cash, 30 days.

| | |
|---|---|
| 612 ℔s. single barb steel wire, 8c | $ 48.96 |
| 600 ℔s. double " " · " 9½c | 57.00 |
| 117 line iron posts | 46.80 |
| Drayage | .50 |
| | $153.26 |

"Balance of posts will follow soon.   You will please remit amount of this bill to us as we are doing business for Mabie Bros.   Goods were shipped yesterday in good order.

"Yours,                COLE & PILSBURY."

Four days afterward the remainder of the posts, eighty-three in number, were shipped, and a similar account rendered, thus showing most conclusively that Neidig was well advised, and must have known when he received the goods that Cole & Pilsbury had filled the order on his credit and looked to him for payment.   There was nothing whatever in what Cole & Pilsbury did or said from which Neidig could reasonably have inferred that the shipments were made on the credit of Mabie Brothers, or of the Fence Company.   Nor is there any evidence that they ever undertook to fill said order upon the credit of any one but Neidig himself.   From these facts the law will imply an agreement on the part of Neidig to pay for the goods according to the terms upon which they were delivered to him.   If unwilling to be bound by those terms, he ought to have rejected the goods and notified Cole & Pilsbury accordingly.

A very extended offer of testimony was made, mostly relating to the arrangement between Neidig and the said Fence Company, through Mabie Brothers, which the court rejected.   There was no error in this ruling.   Besides being very objectionable on account of its including so many separate facts, most of which were mere conclusions, the entire offer was, as the court held, incompetent so long as Cole & Pilsbury were not in any way connected therewith.   At the time of this offer not a word of evidence had been produced connecting them in the remotest degree with the business ventures of either the Fence Company or Mabie Brothers.

It is also complained that counsel were not allowed to address the jury.   There was no error in this, for the excellent reason there was not a single disputed material fact

for the jury to pass upon. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.