## HARRY S. RICHARDS v. EUGENE P. BURROUGHS.

*Statute of frauds—Taking possession of wood delivered by vendor in his wood-yard—And hiring same repiled—Sufficient delivery to take case out of the statute—Charge of court, when not misleading (see head-note 2)—Purchase price of goods sold and delivered—May be recovered under common counts—Books of account of vendee—Inadmissible to corroborate claim that he received wood to sell on commission—By showing that vendor's account was headed in that way—How. Stat. sec. 7526—As amended by Act No. 105, Laws of 1885—Does not make account-books evidence for such purpose.*

**1.** Where, after a vendor had contracted to sell a quantity of wood, part of which was then piled in his wood-yard, and the balance thereafter hauled and piled therein by him, it appeared that the vendee took possession of the wood and hired it repiled,—

*Held*, a sufficient delivery to take the case out of the statute of frauds.

**2.** Where in *such* a case the vendee, in a suit for the purchase price of the wood, claimed to have taken it to sell on commission, and the case was submitted to the jury on such conflicting claims, which were set forth by the court in his charge, and the jury instructed that if they found the delivery of the wood in plaintff's yard, after which defendant took it into his possession and had it repiled, paying for such labor, and sold from it *as his wood*, such acts would constitute a sufficient *delivery* to take the case out of the statute of frauds, but that it was for the jury to determine whether such acts were consistent or inconsistent with defendant's claim,—

*Held*, that the instructions were not misleading.

**3.** Where there has been a sale and delivery of personal property, and nothing remains to be done by either party except the payment of the purchase price, the same may be recovered under a common-count declaration. *Gage v. Meyers*, 59 Mich. 300.[1]

**4.** In a suit for the purchase price of wood claimed to have been sold to defendant, but which he claimed to have received for sale on commission, defendant sought to introduce his books of account to show that the heading of plaintiff's account corroborated defendant's claim.

*Held*, that the books were inadmissible for that purpose, and that defendant did not bring himself within the provisions of How.

---

[1] See *Cicotte v. County of Wayne*, 59 Mich. 510 (head-note 7); *Miner v. O'Harrow*, 60 Id. 91.

Stat. § 7526, Laws of 1885, p. 106, defining for what purpose the books of a commission merchant may be used as evidence.[1]

Error to Van Buren. (Mills, J.) Argued June 10, 1886. Decided June 24, 1886.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*O. N. Hilton* and *L. A. Tabor*, for appellant:

The alleged contract of sale was void under the statute of frauds: How. Stat. § 6186; *Dooley v. Eilbert*, 47 Mich. 615.

In such case title does not pass until some act takes place taking the contract out of the statute: Benj. on Sales, 140.

By instructing the jury that certain acts of defendant had this effect, the court passed upon a question of fact, which was solely the province of the jury: *Scotten v. Sutter*, 37 Mich. 526.

There must be both a delivery, and an acceptance with intent to take possession as owner, to take the case out of the statute: *Shindler v. Houston*, 1 N. Y. 261; *Hunter v. Wetsell*, 57 Id. 375.

The contract was a special one, and a recovery cannot be had under the common counts: *Butterfield v. Seligman*, 17 Mich. 95; *Phippen v. Morehouse*, 50 Id. 537.

Defendant's books of account were admissible: Laws of 1885, p. 106.

*Crane & Breck*, for plaintiff:

As to repiling and taking general charge of the wood, see 5 Wait's Actions and Defenses, 599; *D. H. & I. R. R. Co. v. Forbes*, 30 Mich. 176.

Plaintiff can recover on the common counts: *Gage v. Meyers*, 59 Mich. 300.

Morse, J. The plaintiff sued defendant in justice's court for 180 cords of wood, alleged to have been sold and delivered to him at Paw Paw, at the price of $1.75 per cord.

He recovered a judgment of $286.13, there being some admitted credits. Defendant appealed to the circuit court

---

[1] See *McCausland v. King*, 60 Mich. 70.

for Van Buren county, where a trial was had, before a jury, resulting in verdict and judgment for plaintiff in the sum of $307.81. Defendant brings error to this Court.

It appears, without dispute, that, at the time of the alleged sale of this wood, a part of it was piled in the yard of plaintiff, at Paw Paw, and the balance was at Lawrence, some nine miles away. It was in process of being hauled to Paw Paw, and piled with the rest. Plaintiff claims that in February, 1884, defendant came into his office (both of them living in Paw Paw), and wanted to know what he was going to do with the wood he was piling in his yard. Plaintiff replied that he had it there for the purpose of sale. After some talk, the defendant bought the wood in the yard, and what was upon plaintiff's farm at Lawrence, which was to be delivered by plaintiff in the yard with the rest, and agreed to pay $1.75 per cord for the same. The defendant bought the wood to sell again, and was to pay for it as often as he took away $50 worth; the whole amount, however, to be paid, in any event, before January 1, 1885.

The defendant denied that he contracted to buy the wood, and claimed that the arrangement was that he should sell the wood for the plaintiff on commission, and pay him $1.75 per cord for what he might sell.

The principal objection made to the judgment in this Court is that the contract was within the statute of frauds, and therefore void. Evidence, however, was introduced upon the part of the plaintiff tending to show that after the contract was made, and the wood all hauled from Lawrence and piled in the yard, the defendant took possession of it and hired it repiled. If the jury believed this to be true, it was sufficient to take the case out of the statute. The court correctly instructed the jury to this effect.

It is claimed that the instructions were misleading, in the respect that they gave the jury to understand that the act of repiling by the defendant was necessarily an acceptance of the goods as sold to him; that the court did not sufficiently inform the jury of the defendant's claim that he was selling the wood on commission; and that the taking of possession

and repiling was not inconsistent with his claim; and that if the repiling was done under such a claim, it could not be used as an acceptance or delivery of the wood, to take a void sale out from the bar of the statute.

We have carefully examined the charge of the court, and do not think it open to this complaint.

The circuit judge plainly set out before the jury the respective claims of the parties as to the arrangement made in plaintiff's office in reference to the wood. He then properly instructed them that they were entitled to take into consideration, not only what was said and done at the office, but all the testimony in the case of the subsequent acts, conduct, and dealings of the parties, so far as the same threw any light upon what the true nature of that transaction was. He also said, in effect, that the talk in the office, as claimed by plaintiff, would not constitute a valid sale, without a delivery of the wood. Then he stated that—

" If you find that the wood was all delivered in the yard, and that, after its delivery, Mr. Burroughs went on there, took possession of it, had it repiled, paid for the repiling of it, sold from it as his own wood, these acts would constitute a sufficient delivery of the wood to him, and take the case out of the statute of frauds."

This language was in immediate connection with the statement of plaintiff's claim, and what he must show in order to recover; and previous thereto he had expressly instructed the jury that it was for them to determine whether these acts of defendant were consistent or inconsistent with his claim, adding: " It may be consistent with it, or inconsistent. It is for you to say whether it is so or not." We find no error in the charge.

Defendant also insists that the plaintiff could not recover upon the common counts in assumpsit; that the contract, and the breach of it, should have been alleged specially. If there was a delivery of the property, as the jury must have found there was by their verdict, then the plaintiff's claim was manifestly for goods sold and delivered. The contract was executed upon his part, and the only breach of it upon

the part of the defendant was a refusal or neglect to pay over money, the amount of which was easily ascertained and not disputed. Nothing remained to be done by either party except the payment of the price of the wood. This could be recovered under the common counts: 2 Greenl. Ev. (Rev. Ed.) § 104, and cases cited; *Butterfield v. Seligman*, 17 Mich. 98; *Begole v. McKenzie*, 26 Id. 470; *Gage v. Meyers*, 59 Id. 300.

No error was committed in excluding defendant's books of account. There was no dispute as to the amount of coal and other articles received by plaintiff from defendant in payment upon the wood, or the price of the articles. The only object in introducing such books was to show that the keeping of the heading of the account of plaintiff was in corroboration of defendant's claim that he was selling the wood on commission. There was no necessity, apparent or alleged, of reference to the account as memoranda to refresh defendant's recollection. The books of a party cannot be allowed to aid him in the manner desired in this case. Besides, the books were offered under the theory that defendant was selling the wood on commission, and he did not place himself within the provisions of the statute as amended in 1885. By such amendment it was provided that the section of the statute making charges and entries in books of account evidence of money paid, etc., should not apply to persons selling on commission, except as to the amount charged as commissions for selling, unless accompanied by a voucher, etc. (How. Stat. § 7526; Laws 1885, p. 106); and, under the statute, the books could not be used to prove the manner of the entry of the heading of the account against plaintiff as a corroboration of defendant's theory as to the contract between them. The statute, in our opinion, was not originally intended or designed for any such purpose.

The judgment below is affirmed, with costs.

The other Justices concurred.