### DOERR et al. v. WOOLSEY.

(*Common Pleas of New York City and County, General Term.* June 3, 1889.)

SALES—ACTION FOR PRICE.

Plaintiffs delivered a pair of horses to defendant's coachman, with a notice that they cost $200 more than a former pair, which message was given to defendant, who kept and used the horses from that time. She told her coachman plaintiffs would have to see her husband, but the message was not given to plaintiffs. *Held*, defendant was liable for the $200.

Appeal from Sixth district court.

Suit by John B. Doerr and another against Emily P. Woolsey to recover for horses sold to her by them. Judgment for plaintiffs, and defendant appeals.

Argued before ALLEN and BOOKSTAVER, JJ.

*P. C. Tolman*, for appellant. *R. C. Schaider*, for respondents.

ALLEN, J. The justice has found that the defendant was informed that the pair of horses which were sent by the plaintiffs in exchange for those previously received from them would cost the additional sum of $200. There is ample evidence in the case to support this finding. The defendant's coachman, Donaldson, testified that by the direction of the plaintiffs' salesman, Blodgett, he told the defendant at the time the horses were delivered that they would be $200 more if they suited. Blodgett swears that soon after the delivery he called upon the defendant with the bill, and asked for the $200. The defendant was not produced upon the trial of the case to contradict these statements of Donaldson and Blodgett. On the argument some stress is laid upon the reply made by the defendant to Donaldson when told at the time of the delivery of the bay horses that the plaintiffs wanted $200 more for them. Her reply was, as Donaldson testifies, that she would have to see Mr. Woolsey, as he did all her business. It does not appear that this was ever communicated by Donaldson to the plaintiffs or their agents, or that they ever had any knowledge of it. No intimation was given to the plaintiffs at the time of the transaction, or at the time of presenting the bill, of any unwillingness to pay the extra price; nor has the defendant ever notified the plaintiffs that she did not assent to the increased price. The transaction took place more than a year ago, and the defendant has retained and used the horses since that time. The justice has applied the correct rule of law to the facts of the case. The acceptance and retention by the defendant of the horses after knowledge on her part of the price which the owner asked for them constituted a contract to pay that price by which she was bound. It was easy and would have been fair, if the defendant was unwilling to pay the price charged, to decline the horses at that price, or return them. *Dent* v. *Steam-Ship Co.*, 49 N Y. 390; *Manufacturing Co.* v. *Dunning*, 41 Hun, 638. The judgment should be affirmed with costs.

BOOKSTAVER, J., concurs.