No. 165.

## ORME v. COOPER.

SALE.—*Acceptance.*—Where the owner of goods places them in the hands of a dealer to be sold, and afterwards sends him a proposition to sell to him at the market price, the retention of the goods without response creates a presumption of the acceptance of the proposition to sell, or implies a promise to pay for the goods a fair market value.

From the Floyd Circuit Court.

*J. V. Kelso* and *C. D. Kelso*, for appellant.

*C. L. Jewett* and *H. E. Jewett*, for appellee.

CRUMPACKER, J.—Cooper sued Orme for $114.20, alleged to be due him on account, for 571 pounds of harness leather, sold and delivered to the defendant at his special instance by the plaintiff.

A general denial joined the issues, and the cause was tried by the court, and resulted in a finding and judgment in favor of the plaintiff for the amount claimed in the complaint.

A motion for a new trial, upon the ground that the finding was not sustained by sufficient evidence, was filed and overruled, and this appeal challenges the correctness of that decision of the court.

We have given the evidence a very careful examination, and conclude that it does tend to support the finding in all essential particulars.

It was fairly inferable from the evidence that the appellee was the owner of the leather, and delivered it to the appellant to be sold, and he afterwards sent the appellant a proposition to sell it to him at twenty cents a pound, which was its fair market value. No response was returned by the appellant to the proposition to sell the leather to him, but he kept it, and subsequently insisted that it belonged to one Wolpert, who was indebted to the appellant, and he proposed to apply the proceeds of the leather upon such indebtedness.

VOL. 1.—29

The title to the leather being in the appellee, the conduct of the appellant in retaining it in the light of these facts would create in law a presumption of the acceptance of appellee's proposition to sell, or imply a promise to pay the fair market value for the leather.

Upon either theory the judgment of the trial court was right.

Judgment affirmed, with costs.

Filed May 16, 1891.