FARMERS' HANDY WAGON CO. *v.* NEWCOMB.

1. CONTRACTS—OFFER AND ACCEPTANCE—RESERVATION OF RIGHT TO WITHDRAW.

Plaintiff silo manufacturing company secured from defendant a written order for a silo to be delivered f. o. b. at Saginaw and consigned to defendant at Traverse City. On the bottom was written that the purchaser reserved until the following August to reconsider. Plaintiff claimed and offered testimony to prove that it shipped the parts of the silo in due time, except a piece of felt which it was unable to get from the manufacturer, worth 94 cents, and that it forwarded the felt by express about two weeks later. Defendant rejected the silo, claiming he had notified defendant of rescission by letter within the time reserved. Defendant denied receiving the letter. *Held,* that the reservation only gave defendant the right to withdraw within the specified time and that no confirmation was necessary, but notice of intention to cancel the order must be shown to have reached the other party in order to effect a rescission.

2. SAME—PRESUMPTIONS—EVIDENCE.

Proof that the notice of rescission was placed in the mails properly addressed and with postage prepaid undoubtedly created a presumption that it was duly received, but its

receipt being denied, a question of fact was raised to be determined by the jury.

3. SAME—CONDITION PRECEDENT—NOTICE—PERFORMANCE.

Plaintiff substantially complied with its part of the agreement, and in view of an admission by defendant that he did not reject the silo because the felt did not accompany the other parts and under express provision in the order that if any parts were found lacking he would notify plaintiff and allow a reasonable time to replace the same, plaintiff was entitled to an instruction that the contract had been performed.

4. SAME—SALE—CONTRACTS—ACCEPTANCE.

The exercise of any act of ownership of the silo after it had arrived at its destination amounted to an acceptance, and made defendant liable for the price; hence, to order it forwarded to another station was an act that fixed the buyer's liability and he was rightly held bound by the contract, and that, too, even if he had served notice of rescission as he attempted to show.

Error to Grand Traverse; Mayne, J. Submitted April 17, 1916. (Docket No. 75.) Decided September 26, 1916.

Assumpsit by the Farmers' Handy Wagon Company against David B. Newcomb for the price of a certain silo. Judgment for plaintiff. Defendant brings error. Affirmed.

*John J. Tweddle* and *Patchin & Duncan,* for appellant.

*Connine & Connine,* for appellee.

The plaintiff is a corporation engaged in the business of manufacturing silos at Saginaw, and the defendant is a farmer living near Traverse City. On the 8th day of June, 1907, the defendant gave plaintiff a written order for a silo, to be delivered f. o. b. at

Saginaw and to be consigned to defendant at Traverse City. The purchase price of the silo was to be $141.21. Below the signature of the defendant to the order was written:

"Remarks: This man reserves until Aug. 1, 1907, to reconsider the buying of this silo."

On the 14th day of June, 1907, the plaintiff wrote to the defendant, accepting the order, and defendant admits receiving the letter. Plaintiff shipped all of the different parts of the silo, on September 11, 1907, to defendant at Traverse City by freight as directed, except a piece of felt to be used in putting the parts together. This felt was a strip 52 feet long, about an inch and a quarter wide, from one-eighth to a quarter of an inch thick, and worth 94 cents. The felt was sent to defendant at Traverse City by express, with charges prepaid, on September 26th. It was not sent with the rest of the silo because plaintiff was unable to obtain it from the manufacturer in time to do so. The defendant declined to remove the silo from the railroad freight-house at Traverse City, and on the 1st day of December the railroad company shipped it to its warehouse for unclaimed property at Grand Rapids. The reason given by defendant for not taking possession of the silo is that he canceled the order by a letter written to plaintiff on July 10th. He testified that he mailed the letter to plaintiff's address with postage fully prepaid. Plaintiff denied receiving the letter. The freight agent of the Pere Marquette Railroad at Traverse City testified that after the silo had been shipped to Grand Rapids he received a letter dated January 4, 1908, and signed, "D. B. Newcomb," asking that the silo be returned from Grand Rapids to D. B. Newcomb at Williamsburg, Mich. The witness further testified that inclosed with the letter was a postal card addressed to D. B. Newcomb, notifying

him that the silo was at the warehouse for unclaimed property in Grand Rapids. The freight agent further testified that he wrote to D. B. Newcomb, in answer to the letter of January 4th, advising him that he would have to surrender the original bill of lading and guarantee charges before the silo could be shipped to Williamsburg, and directing him to arrange for the return of the silo with the agent at Williamsburg. The agent at Williamsburg testified that in January, 1908, a man came to him, bringing the letter from the agent at Traverse City, surrendered the original bill of lading, and made a deposit of $5 as a guarantee that he would pay the freight when the silo came back from Grand Rapids. The agent testified that he could not positively identify the man who called upon him, but that he believed it to have been the defendant, who was then in the courtroom. The agent further testified that after the silo had been received at Williamsburg the man called, but would not receive it because he said the freight charges were too high. The defendant on the stand denied that he ever called, or caused any one to call, upon the agent at Williamsburg, denied that he had anything to do with the shipment of the silo to Williamsburg, and denied that he ever made any deposit of $5 or caused it to be made.

The circuit judge instructed the jury, in substance, that the order, together with the acceptance, made a completed contract, and that upon the shipment of the silo to defendant and its receipt at Traverse City the defendant became indebted to the plaintiff for the agreed purchase price, unless defendant had canceled and retracted the order as he claimed; that the delivery of the silo by freight, except the small amount of felt that was sent by express, was a substantial performance of the contract; and that to show a cancellation or retraction of the order it was necessary that the letter of cancellation should not only have been mailed

by defendant, but that it should also have been received by, or come to the knowledge of, plaintiff. He further instructed the jury that if the letter of cancellation was mailed by defendant and was received by plaintiff, the defendant was not liable, unless he caused the silo to be shipped from Grand Rapids to Williamsburg; but that, if he did, in the exercise of a right of control over, and ownership of, the silo, cause it to be shipped from Grand Rapids to Williamsburg, that was an acceptance of the silo, and he would be liable for the purchase price.

The jury returned a verdict for the plaintiff, and defendant brings the case to this court by writ of error.

PERSON, J. (*after stating the facts*). The trial judge correctly construed the meaning of the underwriting appended to defendant's order. To "reconsider" is defined by Webster as the right—

"to consider again; review with care, especially with a view to a reversal of previous action; as, to reconsider a determination."

The order with the acceptance by plaintiff became a contract subject to a right, on the part of defendant, to withdraw from it within the time stated. It did not require an express confirmation by defendant.

It was also necessary that notice of the withdrawal or cancellation should have reached plaintiff in order to be effective and sufficient. Anson on Contracts (2d Am. Ed.), pp. 32, 33; 1 Elliott on Contracts, §§ 37, 38; 1 Mechem on Sales, § 258. Placing such a notice in the mails, properly addressed and with postage prepaid, undoubtedly creates a presumption that it is duly received; but the receipt of the notice by plaintiff was denied by such officers and agents of the company as usually received its mail, and whether it was received, if sent, became a question for the jury.

The circuit judge was also right in holding that the shipment of the silo by freight, except the piece of felt, and the transmission of the felt by express, was a substantial compliance with the terms of the order. The defendant admitted that he did not reject the silo because the felt did not accompany the other parts; and the order expressly provided that the defendant would notify plaintiff if any part, or parts, should be found lacking or defective, and would allow plaintiff a reasonable time in which to make up such shortage or replace such defective part.

Counsel for appellant argue that, even if defendant did have the silo shipped from the warehouse at Grand Rapids to Williamsburg, that was a matter between defendant and the railroad company from which plaintiff can claim no advantage. This is not a tenable position. Even if defendant had retracted and canceled his order, and even if plaintiff had received notice of such cancellation, the shipment of the silo thereafter to defendant was an offer on the part of plaintiff to sell it to him in accordance with the terms of the order. And if defendant thereafter exercised acts of ownership over it, and had it shipped to Williamsburg for his benefit, that was an acceptance which made him liable for the purchase price. *Richards* v. *Burroughs*, 62 Mich. 117 (28 N. W. 755) · 1 Mechem on Sales, § 243; Williston on Sales, § 77.

Upon the trial defendant produced as witnesses one George Dean and his wife, who testified that they were present at defendant's home when he wrote a letter to the plaintiff company relative to the silo. Each was asked what defendant said about the letter at the time he wrote it, or immediately thereafter, and whether or not he said it was a letter canceling his order for the silo. Answers to these questions were objected to and excluded. Both witnesses were permitted to testify that they saw defendant write the letter and saw

him mail it. Mrs. Dean said that she read the address upon the letter, and that it was directed to plaintiff. But neither one read the letter itself, nor knew anything about its contents except what defendant had told them. The defendant had testified to writing and mailing the letter, and had produced what he claimed to be a copy, which had been received in evidence. We think the testimony sought to be elicited from the witness Dean and from his wife was properly excluded. It was an attempt on the part of defendant to corroborate his own testimony by his own self-serving statements, and the statements were inadmissible.

We have carefully examined all other assignments of error, and do not find any that require a reversal of the judgment.

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.