Royal Roofing Company *v.* Goss.

Opinion delivered February 8, 1926.

1. Sales—terms of sale in invoice.—Where goods sold were accepted by the purchaser without objection, and there was no previous agreement as to the price, it will be presumed that the purchaser agreed to the terms in the invoice.

2. Sales—price—acceptance of goods.—A purchaser accepting goods without a previous agreement as to the price will be bound by the terms of the invoice, though he had been a customer of the shipper for several years and thought the goods had been shipped according to the shipper's previous custom.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge; reversed.

The Royal Roofing Company sued J. B. Goss before a justice of the peace to recover $88.50, a balance due for roofing. There was a judgment for the defendant in the justice court, and the plaintiff appealed to the circuit court.

The Royal Roofing Company is a corporation engaged in selling roofing at wholesale at St. Louis, Mo., and B. M. Schulein is its treasurer. According to his testimony, while at Fort Smith, Ark., in the early part of September, 1922, he called J. B. Goss over the telephone at his store in Mena, Ark., and solicited from him an order for roofing. He quoted prices to Goss and told him that the freight would be f. o. b. St. Louis, but that he would allow 20 cents per cwt. on the freight. While they were discussing the freight, they were disconnected, and the witness was unable to get reconnected with Goss. On his return to St. Louis, he mailed to Goss an invoice of the roofing in accordance with his quotation to Goss, and in the lower left-hand corner of the invoice was a notation of the number of pounds of the freight, together with an allowance of 20 cts. per cwt. on it. This invoice was mailed out on the 8th day of September, 1922, from St. Louis, and in due course of mail should have reached Goss at Mena, Ark., on the next day. The roofing was received a week or ten days later. In January, 1923, the plaintiff received a letter from Goss inclosing a check for the price of the roofing as per invoice, and a deduction in the amount of freight from St. Louis to Fort Smith, Ark. Goss claimed that the contract was that he was to be charged with freight only from Fort Smith to Mena, and that this was in accordance with their previous dealings. The plaintiff answered this letter claiming that the roofing was sold f. o. b. St. Louis, Mo., and that it had only agreed to allow 20 cts. per cwt. on the freight.

According to the testimony of J. B. Goss, he accepted the price of the roofing quoted over the telephone from Fort Smith by B. M. Schulein for the plaintiff, but told him that he would not accept the offer of 20 cts. a cwt. freight allowance. Goss reminded him that he had been buying goods from the plaintiff as if they were shipped f. o. b. Fort Smith, Ark. Schulein told him that the 20 cts. per cwt. allowance f. o. b. St. Louis would not make much difference. Goss told Schulein that he would not accept the goods in that way, and Schulein hung up the receiver. Goss thought that he was mad, and hung up the receiver himself. He admitted getting the invoice in due course of mail, and paid the freight when the goods arrived eight or ten days later. He had been trading with the plaintiff for several years, and it was their custom for him to pay all the freight, and when the goods were paid for he would receive a credit on the freight from St. Louis to Fort Smith. In other words, he would pay for the goods as if they were shipped to him f. o. b. Fort Smith, instead of St. Louis. On this account he did not notice the notation on the invoice that he was only to be allowed 20 cts. per cwt. on this shipment.

The jury returned a verdict in favor of the defendant, and from the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*Pipkin & Frederick,* for appellant.

*Norwood & Alley,* for appellee.

HART, J., (after stating the facts). Counsel for the plaintiff rely for a reversal of the judgment on the ground that the court erred in refusing to direct a verdict in its favor. In this contention we think counsel are correct. According to the defendant's own testimony, no contract for the purchase and sale of the roofing was made over the telephone because they were disconnected while they were negotiating about the allowance to be given the defendant on the freight. On the one hand, the plaintiff was insisting on the defendant taking the goods f. o. b. St. Louis, Mo., with an allowance of 20 cts. per cwt. on the

freight.    On the other hand, the defendant was insisting on the freight allowance as if the goods were shipped to him f. o. b. Fort Smith, Ark., instead of f. o. b. St. Louis, Mo.    So it will be seen that, according to the defendant's own testimony, no completed contract was made over the telephone.    On his return to St. Louis, the agent of the plaintiff sent to the defendant an invoice of the goods with a notation on it that an allowance of 20 cts. on the cwt. would be made.    The defendant received the goods without objection, under this invoice.    The minds of the parties not having met prior to the time the invoice was received and the property delivered under its terms at Mena, Ark., it was the duty of the defendant to refuse to accept the roofing unless he was willing to pay according to the terms stated in the invoice.    Having received the property and sold it, he became liable to pay for it according to the terms of the invoice.    The title to the roofing being in the plaintiff until it was received by the defendant, the conduct of the defendant in retaining it would create in law a presumption of the acceptance of plaintiff's proposition to sell according to the terms in the invoice.    This holding is in accordance with the rule laid down in *Markstein Brothers Millinery Co.* v. *J. A. White & Co.,* 151 Ark. p. 1, and *Cage* v. *Black,* 97 Ark. 613.

In the case first cited, appellees, through a commercial salesman, made an open order to appellant for hats. Appellant received the order, and, after making a selection of hats, shipped same to appellees with an invoice of the hats.    In the envelope with the invoice was a notice that no goods would be accepted for return unless within five days after the receipt of the goods.    Appellees accepted the hats, but defended a suit for the purchase price on the ground that the purchase was made upon the condition that the unused hats might be returned and credit therefor given on the bill.    The court said that, when appellees found out that the hats had not been shipped upon this condition, they should have either

returned the entire number of hats, or, if they decided to keep them, they must pay for them. Because appellees did not exercise their right to return the hats within the five days as stipulated in the notice sent with the invoice, it was held that their obligation to pay became complete and binding after the expiration of five days.

In the application of this principle to the case at bar, the defendant should have refused to receive the roofing when he found out that it contained a stipulation about the allowance of freight which he had not agreed to and which he was not willing to accept. Having received the roofing under the conditions expressed in the invoice, he became liable to the plaintiff for the price according to its stipulations.

But it is contended that he did not notice the stipulation as to the allowance for the freight because he had been a customer of the plaintiff for several years and thought that the goods had been shipped according to their custom, which was that he was to pay for them as if they were shipped f. o. b. Fort Smith, instead of f. o. b. St. Louis.

In the first place, it may be said that this was no excuse under the rule above announced. In that case the purchaser of the goods sent in an order to be accepted by the seller, and the seller shipped the goods with an invoice containing a condition added by him. It was held that the purchaser was bound by the knowledge of this condition as expressed in the invoice. The fact that the defendant in the case at bar had been purchasing goods with a different freight allowance would not excuse him from accepting goods under a different contract. Moreover, his own testimony shows that, in their telephone conversation about the purchase of the roofing, the plaintiff was demanding a change with respect to the freight, and was insisting upon shipping the roofing with the freight allowance as expressed in the invoice. This was sufficient to have put the defendant upon notice when he received the invoice of the roofing,

and he can not excuse himself from failing to read it on account of a prior custom between him and the plaintiff with regard to the freight. Besides this, the notation about the allowance in the reduction of the freight was on the invoice at the same place where the number of pounds of freight was given, and the whole bill did not amount to more than five items and the whole invoice did not take up a whole page of ordinary bill paper. The defendant did not exercise his right to return the roofing, and his obligation to pay for it according to the terms of the invoice became binding after he received it and converted it to his own use.

The judgment of the circuit court is therefore reversed, and the cause remanded for a new trial.