WEST v. L. W. SWEET, Inc.    (No. 1495.)

(Court of Civil Appeals of Texas. Beaumont.
March 3, 1927. Rehearing Denied
March 16, 1927.)

1. **Judgment** ⬤⟹256(7)—**Judgment for balance of purchase price of goods, with 6 per cent. interest, held proper on general verdict for plaintiff.**

In seller's suit for purchase price of diamond ring, a judgment for plaintiff for balance due on account with interest at 6 per cent. was responsive to a general verdict for plaintiff.

2. **Sales** ⬤⟹75—**Evidence of market value was properly refused, in suit for price, where buyer kept ring and made payments after receiving invoice.**

It was not error to refuse evidence of market value of a ring, in seller's suit for balance of purchase price, where defendant, after receiving an invoice showing price, made payments on purchase price and kept the ring.

3. **Sales** ⬤⟹75—**Retention of goods and agreement to pay invoice price bound buyer, irrespective of diamond ring's market value.**

By retaining a diamond ring sent under partial C. O. D. charge, and agreeing after receipt of invoice to pay balance of purchase price, buyer was bound to pay invoice price, regardless of market value.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by L. W. Sweet, Inc., against W. B. West. From a judgment for plaintiff, defendant appeals. Affirmed.

O'Fiel & Reagan, of Beaumont, for appellant.

C. E. Pool, of Beaumont, for appellee.

WALKER, J. This suit was by appellee against appellant to recover the balance due on the purchase price of a diamond ring sold by appellee to appellant. The trial was to a jury on the evidence of appellant alone, who admitted that he purchased the ring from appellee C. O. D.; that he paid a C. O. D. charge of $30 and about one month later a further payment of $12; that a short while after making the last payment he received an invoice on the ring, showing the purchase price to be $157.70; that he made no complaint of the price, and did not offer to return the ring, but, after a long default in its payments, wrote appellee apologizing for his default, and offering to pay all past-due installments at an early date. After he had been in default so long that appellee threatened to file suit, he admitted receiving a letter from appellee offering to take the ring back, cancel the debt, and give appellee a refund, which letter he ignored.

On a trial to a jury, a general verdict, "We, the jury, find for the plaintiff," was returned and received by the court, upon which judgment was entered in plaintiff's favor for the amount sued for, with legal interest.

[1] The judgment was responsive to the verdict, and, upon the verdict, the court correctly entered judgment in favor of appellee for the balance due on its account, with interest at 6 per cent. Darden v. Matthews, 22 Tex. 320.

[2, 3] The court did not err in refusing evidence as to the market value of the ring, nor in his remarks to the witness, tendered by appellant on that issue. By retaining the ring and agreeing to pay for the same after the receipt of the invoice, appellant obligated himself to pay the price named in the invoice, and a market value less than that named in the invoice was no defense. In 39 Cyc. 59, it is said:

"If a person sending or delivering the goods names a price, and the other deals with the goods as his own, a sale for the price named is implied."

The judgment is affirmed.